UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE S.,[1]<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,[2]<br><br>    Defendant. | Case No. 2:20-cv-10257-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    PROCEDURAL HISTORY

Plaintiff George S. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 16] and briefs [Dkt. 15 ("Pl. Br."), Dkt. 20 ("Def.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as defendant for Andrew Saul, former Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

Br."), Dkt 21 ("Reply")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons discussed below, the Court finds that this matter should be remanded.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB in April 2016, alleging disability commencing on April 1, 2015. [Dkt. 14, Administrative Record ("AR") 14, 268-69.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 14, 200-05, 207-12.] In May 2018, Plaintiff filed an application for SSI. [AR at 14.] A video hearing was held before Administrative Law Judge Laura Fernandez ("the ALJ") on August 15, 2018. [AR 14, 132-63.]

On December 31, 2018, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 15-26]; *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2020, and has not engaged in substantial gainful activity ("SGA") since the alleged onset date. [AR 16.] At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; osteoarthritis; Barrett's esophagus; COPD; obstructive sleep apnea; major depressive disorder; and obesity. [AR 16.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 17]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), but needs a sit/stand option and is limited to occasional postural activity, frequent balancing, occasional exposure to pulmonary irritants and extreme cold and heat; and simple routine tasks with occasional contact with supervisors, the public, and co-workers. [AR 19.] At step

four, the ALJ determined that Plaintiff is not able to perform any past relevant work. [AR 22.] At step five, based on the vocational expert's testimony, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including representative jobs such as photocopy machine operator, mailroom clerk, and assembler small products. [AR 23-24.] Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. [AR 24.]

The Appeals Council denied review of the ALJ's decision on December 6, 2019. [AR 30-33.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

    1. The ALJ improperly evaluated Plaintiff's RFC. [Pl. Br. at 2-15.]

    2. The ALJ and the Appeals Council failed to properly assess and reject the opinions of Plaintiff's treating and examining sources. [Pl. Br. at 15-16.]

    3. The ALJ improperly rejected Plaintiff's testimony. [Pl. Br. at 16-20.]

The Commissioner asserts that the ALJ's decision should be affirmed, or in the alternative, remanded for further development of the record if the Court finds error in the ALJ erred. [Def. Br. at 1-19.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends the ALJ erred in failing to incorporate all of Plaintiff's mental and physical limitations in Plaintiff's RFC. [Pl. Br. at 2-15.] The Court finds that the ALJ did not give adequate consideration to several moderate limitations in mental functioning identified by the consultative psychiatric examiner, Dr. Gary Bartell.

**A. Applicable Law**

The RFC is "the most [one] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. *See* C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment."

4

*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see also* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); SSR 96-8p.

### B. Plaintiff's Mental Limitations

The ALJ assigned "great weight" to the opinion of the examining psychiatrist, Dr. Gary Bartell. [AR at 16, 21, 556-559.] After completing a comprehensive psychiatric evaluation, Dr. Bartell diagnosed Plaintiff with adjustment disorder with depressed mood and concluded that Plaintiff's psychiatric condition "moderately affects his ability to be employed." [AR 559.] Dr. Bartell assessed Plaintiff with mild limitations in performing "some simple and repetitive tasks" and moderate limitations in the following areas: (1) performing detailed and complex instructions; (2) accepting instructions from supervisors; (3) interacting with co-workers and the public; (4) performing work activities consistently without special instruction; (5) maintaining regular attendance at the workplace; (6) completing a normal workday or without interruptions; (7) and dealing with the usual stress encountered in the workplace. [AR 559.]

Plaintiff contends that despite the ALJ purporting to credit Dr. Bartell's opinion, the ALJ's assessment of Plaintiff's RFC assessment fails to fully reflect Dr. Bartell's findings regarding moderate limitations in mental functioning. [Pl. Br. at 4-9.] Specifically, Plaintiff asserts that the ALJ's finding that Plaintiff could perform a range of light work, "limited to simple routine tasks with occasional contact with supervisors, the public and co-workers," fails to account for the moderate restrictions identified by Dr. Bartell in the following areas: performing work activities consistently without special instruction; maintaining regular attendance at the workplace; completing a normal workday or without interruptions; and dealing with the usual stress encountered in the workplace. [Pl. Br. at 4-5 (citing AR 559).]

In response, Defendant argues that the ALJ "considered the totality of the objective evidence and opinions when she translated Dr. Bartell's moderate mental

5

1   limitations into an RFC for simple routine tasks with occasional contact with
2   supervisors, coworkers, and the public." [Def. Br. at 5.]  Defendant relies on
3   *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008), in which the Ninth
4   Circuit held that a limitation to simple tasks may, in some circumstances, adequately
5   account for moderate limitations in concentration, persistence, and pace.  *See id.* at
6   1171-75.  In *Stubbs-Danielson*, the Ninth Circuit determined that the ALJ did not err
7   when he neither adopted, nor explained his rationale for discounting a treating
8   physician's opinion that the plaintiff was "moderately limited in her ability to
9   perform at a consistent pace" because the reviewing physician had assessed the
10  same limitation ("slow pace" in thinking and actions) but concluded that the plaintiff
11  retained the ability to carry out simple tasks despite this deficit.  *See id.* at 1171,
12  1173 (finding "[the treating physician] did not assess whether [the plaintiff] could
13  perform unskilled work on a sustained basis. [The reviewing physician's] report did.
14  [The reviewing physician's] report, which also identified 'a slow pace, both in
15  thinking & actions' and several moderate limitations in other mental areas,
16  ultimately concluded [the plaintiff] retained the ability to 'carry out simple tasks.'").
17  The Ninth Circuit explained that the ALJ appropriately translated the treating
18  doctor's opinion that the claimant had "slow pace" and limitations in "attention,
19  concentration, and adaption" into the "concrete" restriction identified by the
20  reviewing physician, a restriction to "simple tasks." *Id.* at 1173-74.
21         Defendant's reliance on *Stubbs-Danielson* is misplaced.  While Dr. Bartell
22  found that Plaintiff was mildly impaired in the ability to perform some simple
23  repetitive tasks, his opinion also establishes, as the ALJ accepted, that Plaintiff was
24  moderately limited in maintaining regular attendance, completing a normal workday
25  and dealing with stress in the workplace. [AR 18, 21, 559.] *Stubbs-Danielson* did
26  not address the extent to which a limitation to simple routine tasks accounts for
27  these "concrete" restrictions identified by Dr. Bartell. *See, e.g., Ferguson v.*
28  *Comm'r of Soc. Sec.*, No. 1:18-CV-01585-EPG, 2019 WL 6341034, at *6 (E.D. Cal.

Nov. 27, 2019) ("[E]ven under the *Stubbs-Danielson* analysis, the ALJ's RFC fails to account for specific concrete work restrictions given by the doctors, including … 'The claimant is not able to perform work activities on a consistent basis without special or additional instruction,' and 'The claimant is not able to deal with the usual stress encountered in a competitive work place.' These are concrete restrictions, not statements about mental function generally."). *Stubbs-Danielson*, therefore, is inapposite. *See, e.g., Harrell v. Kijakazi*, No. 1:20-CV-00614-GSA, 2021 WL 4429416, at *5-6 (E.D. Cal. Sept. 27, 2021) (collecting cases and explaining there is no basis to extend the holding in *Stubbs-Danielson* to find that an RFC limitation to simple/routine tasks accounts for moderate limitations in handling work related stress, social interactions, and the ability to complete a normal workday and maintain regular attendance); *see also Christopher G. v. Saul*, No. 2:19-CV-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (an RFC to perform work involving simple, routine tasks with limited public and co-worker interaction does not "address moderate limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances"); *Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (finding that the ALJ erred by accepting medical evidence that a claimant had "difficulty maintaining concentration, persistence, or pace," but failing to include such limitations in the hypothetical question posed to the VE).[3][4]

---

[3] The Court notes that although statements in unpublished Ninth Circuit opinions "may prove useful[] as examples of the applications of settled legal principles," the Ninth Circuit has cautioned lower courts not to rely heavily on such memorandum dispositions particularly as to issues of law. *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) ("a nonprecedential disposition is not appropriately used ... as the pivotal basis for a legal ruling by a district court").

[4] The other cases Defendant cites, apart from not being controlling precedent, do not support her argument. For example, Defendant cites *Lacroix v. Barnhart*, 465 F.3d 881, 888 (8th Cir. 2006) for the proposition that "moderate limitations in

7

Defendant further argues that the record lacks "medical opinions advocating more restrictive concrete limitations beyond that already present in the RFC" and "corroborating objective evidence supporting additional mental limitations." [Def. Br. at 5.] Defendant notes that Plaintiff did not receive ongoing mental health treatment, the medical record reflected "benign mental status findings," and the State Agency psychological consultants found Plaintiff's mental impairment not severe. [Def. Br. at 5; AR 18, 21, 172-73, 189.] The ALJ, however, clearly stated that Dr. Bartell's opinion was accorded "great weight." [AR at 18.] The ALJ had an obligation, therefore, to account for the moderate limitations identified by Dr. Bartell in the RFC. *See Robbins*, 466 F.3d at 883; *Harrell*, 2021 WL 4429416, at *4 ("having clearly stated that he was according [the consultative physician's] opinion great weight, the ALJ was under an obligation to account for the moderate limitations the exam [the consultative physician] identified "irrespective of the broader reasoning in support of the RFC"). While the ALJ was not required to include in the RFC each limitation identified in the record, the ALJ could not simply ignore the portions of Dr. Bartell's opinion that were inconsistent with the assessed

---

responding to work pressures … means that the individual is still able to function satisfactorily." [Def. Br. at 5.] However, *Lacroix* does not contain such a holding. In *Lacroix*, the examining doctor's evaluation form defined "moderate," as "still able to function satisfactorily" and the examining doctor found that despite moderate limitations in responding to work pressures, the claimant could still function satisfactorily. *Lacroix*, 465 F.3d at 888. Defendant's suggestion that the evaluation form's definition of the term "moderate" represents part of the holding in *Lacroix* is improper. Defendant also cites *Edelbrock v. Comm'r of Soc. Sec.*, No. 1:12-CV-00514-JLT, 2013 WL 1622446, at *6 (E.D. Cal. Apr. 15, 2013) in which the district court found that "a limitation to simple tasks incorporates moderate limitations in several areas of cognitive functioning." Unlike this case, however, limitations in the claimant's ability to complete a normal workday and workweek, maintain regular attendance at work or deal with stress in the workplace were not considered in *Edelbrock*.

RFC. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) ("By disregarding [plaintiff's treating physicians'] opinions and making contrary findings, [the ALJ] effectively rejected them. His failure to offer reasons for doing so was legal error.").

Accordingly, the Court finds that the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id*. A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter*, 806 F.3d at 495 (internal quotation marks and citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review of Dr. Bartell's opinion could remedy the ALJ's errors. The Court declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings

/ / /

would serve no useful purpose, it may not remand with a direction to provide benefits.").[5]

**IT IS ORDERED.**

DATED: February 16, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[5] As this matter is being remanded for further proceedings, the Court does not address the remaining issues raised by Plaintiff. [Pl. Br. at 9-20.] However, the ALJ may consider Plaintiff's additional contentions of error when evaluating the evidence on remand.